Breeden v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-384-CR

EDWARD JAY BREEDEN, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Edward Jay Breeden, Jr. appeals from the trial court’s order denying his motion for postconviction DNA testing.  In his sole point, he complains that the trial court improperly considered his guilty plea in denying the motion.  We will affirm.

In 1999, appellant was convicted by a jury of aggravated sexual assault of a child under age fourteen and sentenced to twenty-five years’ confinement.  We affirmed appellant’s conviction and sentence.  
Breeden v. State,
 No. 02-99-058-CR (Tex. App.—Fort Worth Aug. 17, 2000, pet. ref’d) (not designated for publication).  In September 2001, appellant filed a motion for DNA testing, which the trial court denied on the basis that appellant had failed to meet the requirements for DNA testing set out in article 64.03 of the code of criminal procedure.  

Article 64.03 provides that a convicting court may order forensic DNA testing only if the court finds, among other things, that the evidence still exists and that identity was or is an issue in the case.  
Tex. Code Crim. Proc. Ann.
 art. 64.03(a) (Vernon Supp. 2003).  In addition, the convicted person must establish by a preponderance of the evidence that a reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing.  
Id.;
 
Bell v. State,
 90 S.W.3d 301, 306 (Tex. Crim. App. 2002); 
Kutzner v. State,
 75 S.W.3d 427, 438-39 (Tex. Crim. App. 2002).  A convicted person is not entitled to DNA testing that would “merely muddy the waters.”  
Kutzner,
 75 S.W.3d at 439 & n.27.

In reviewing the trial court’s ruling on a motion for DNA testing, we afford almost total deference to a trial court’s determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review de novo other application-of-law-to-fact issues.  
Rivera v. State,
 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  The ultimate question of whether a reasonable probability exists that exculpatory DNA tests would prove innocence falls into this last category and is therefore reviewed de novo.  
Id.

In a case where the movant for DNA testing pleaded guilty, the convicting court is prohibited from finding that identity was not an issue based solely on that plea.  
Tex. Code Crim. Proc. Ann.
 art. 64.03(b)
; 
Bell,
 90 S.W.3d at 307 n.2.  Here, appellant did not plead guilty; he was found guilty by a jury.  Then, at the punishment phase of trial, he testified and admitted to oral-genital contact with the victim.  The record does not show, however, that the trial court denied appellant’s motion for DNA testing based solely on this admission.  To the contrary, the record shows that there was no evidence available to be tested and that appellant did not meet his burden of establishing a reasonable probability that DNA test results would have exonerated him.

Dr. Leah Lamb, the physician who examined the victim, testified that oral-genital contact does not normally leave physical findings and that she did not find any in this case.  Moreover, the victim had urinated before the physical examination, which Dr. Lamb testified greatly diminished any ability to collect or test saliva taken from the victim’s genital area.  Also, there is no evidence that any samples were ever collected from the victim, and appellant does not contend that samples could be taken at this late date.  Because no evidence exists that could be tested and nothing in the record suggests that the absence of appellant’s DNA would indicate his innocence, the trial court properly ruled that appellant was not entitled to DNA testing.  
See Rivera,
 89 S.W.3d at 59-60 (holding that trial court properly denied motion for DNA testing where absence of DNA evidence would not have indicated movant’s innocence).

We overrule appellant’s point and affirm the trial court’s order.

PER CURIAM

PANEL F: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: July 10, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.